UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY JO SCISCENTI
7740 85TH LANE NORTH
LARGO, FLORIDA 33777
(301) 526-9232

    VS.

MICHAEL CHERTOFF,
    SECRETARY
U.S. DEPARTMENT OF HOMELAND SECURITY
(UNITED STATES COAST GUARD), AGENCY
WASHINGTON, DC 20528

## COMPLAINT

**FACTS of CASE**

1. All the acts and actions recited herein upon which this Complaint is based occurred in the District of Columbia.

2. The Plaintiff brings this action against the Defendant pursuant to the Title VII of the Civil Rights Act of 1964 (Title VII) as amended 42 U.S.C. 2000 e-3, Section 704 (a). A copy of U.S. EEOC/OOFC Appeal No. 0120065046-Enclosure (1) hereto-sets forth on page 5, the "COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION"

3.. Mary Jo Sciscenti (hereinafter referred to as the "Plaintiff"), can prove beyond a reasonable doubt that the United States Coast Guard (hereinafter referred to as "USCG"), under the Department of Homeland Security (hereinafter referred to as "DHS"), retaliated against her in violation of Title VII, for her having filed a past Complaint (hereinafter referred to as "Complaint # 1") of retaliation which she filed in 1998.

1

4. Complaint #1 was settled **in favor** of the Plaintiff. The USCG again retaliated against the Plaintiff in 2002 when it knowingly *and* with malice of forethought deliberately corrupted the Merit Promotion selection process to illegally deny her an interview (to further ascertain her qualifications) for a competitive promotion for which she was the best qualified candidate. Based on this incident, in 2002, the Plaintiff filed a 2nd complaint of retaliation (hereinafter referred to as "Complaint #2").

5. The Plaintiff dedicated approximately 16 years of exemplary service to the USCG Yard (Baltimore, Maryland) when; in 1998 she was forced to file Complaint #1 because her chain of command retaliated against her for representing a minority on a non-selection case.

6. To *escape* further retaliation, and as part of the settlement of Complaint #1, in December 2000, the Plaintiff was transferred into a *non-management* position at USCG Headquarters (Washington, DC), to work directly for the individuals who could have stopped the retaliation in the first place, i.e., Mr. Richard Freethey and Mr. Robert Horowitz.

7. Both Mr. Freethey and Mr. Horowitz **were directly involved** in the settlement negotiations for Complaint #1. The settlement agreement was to be blameless, but notwithstanding this, the USCG insisted on including in it vindictive language that, among other restrictions, prevented the Plaintiff from ever again entering the grounds of

the facility she was vacating….**as though the Plaintiff were a criminal or security risk.** In fact, on the last day of her employ at the USCG Yard, and to her surprise, the Plaintiff was escorted off the Base **under guard of Mr. Horowitz's subordinate legal staff**, and the facility's security staff. This was done even though the basis of Complaint #1 was intellectual and academic in nature, and did not involve physical threat.

8. The USCG's hostility during the settlement of Complaint #1, its retaliatory language in the settlement agreement, and the involvement of Mr. Freethey and Mr. Horowitz in Complaint #1, established the framework for the continued campaign of retaliation against the Plaintiff by Mr. Freethey and Mr. Horowitz upon her arrival at USCG Headquarters. The primary goal of the retaliation was to prevent the Plaintiff from re-entering the ranks of USCG management. In fact, the **animus** of Mr. Freethey and Mr. Horowitz towards the Plaintiff remained abjectly apparent even in their testimony at the EEOC hearing some ten years after the filing of Complaint #1.

9. The Plaintiff can prove beyond a reasonable doubt that Mr. Freethey and Mr. Horowitz waged a campaign of retaliation *which culminated* in their deliberate corruption of the Merit Promotion selection process for the purpose of denying the Plaintiff **the right to compete for a promotion** to a managerial GS-15, for which she was the best qualified candidate. By these actions, said persons thereby illegally blocked the Plaintiff's advancement at the Coast Guard by preventing her from re-entering its ranks of management.

10. The Plaintiff can prove beyond a reasonable doubt the connectivity of Complaint #2 to Complaint #1 because; **(a)** Both Mr. Freethey and Mr. Horowitz were *active* participants in Complaint #1 from its start in 1998 to its settlement in December 2000; **(b)** Mr. Richard Freethey was in the Plaintiff's direct chain of command throughout her approximate 17 years of spotless and dedicated service to the Coast Guard, and he was the *Selection Panel Head* for the GS-15 position that the Plaintiff was denied the right to compete for, and that formed the basis for Complaint #2, and; **(c)** Mr. Robert Horowitz was the supervisor of the USCG lawyer who negotiated the settlement on Complaint #1; he subsequently *became the Plaintiff's direct 3rd line supervisor* when she arrived at USCG Headquarters as part of the settlement of Complaint #1, and he was the Selecting Official for the GS-15 position that the Plaintiff was denied the right to compete for, and that formed the basis for Complaint #2.

11. The Plaintiff can show that she *did not file* EEO complaints on numerous incidents of retaliation by Mr. Freethey and Mr. Horowitz upon her arrival at USCG Headquarter. It was not until they prevented her from competing for the GS-15 managerial position to keep her from re-entering the ranks of Coast Guard Management, that she was again forced to file another Complaint. It was this blatant act of reprisal that forced the Plaintiff's filing of Complaint #2 in 2001, and that Complaint is the basis for this Civil Action.

12. The Plaintiff exhausted all required administrative avenues prior to filing this Civil Action. The Plaintiff has been diligent in her duty to abide the requirements of time

frames, form, and substance in exhausting these avenues, only to learn that the EEOC Hearing judge render a ruling that was not based on the testimony given in the Hearing. In fact, upon reading its transcript, one cannot conclude any thing other than that the Plaintiff won the Hearing and yet; the EEOC judge ignored the testimony given to instead render a nonsensical decision in favor of the defendants. It's as though the EEOC allowed the Hearing for the sole purpose of going through the process rather than for seeking the truth.

13. The Plaintiff then waited for *over a year* for a decision on Appeal, only to receive a decision that, upon even limited scrutiny, confirms that the *Appeal judge did not read the facts of the case*. Due process was denied the Plaintiff throughout the entire administrative EEOC process which ultimately lead her to filing this Civil action.

14. **The Plaintiff requests a Trail by Jury.**

## RELIEF SOUGHT

1. To again escape retaliation, the Plaintiff was forced to leave the USCG as a result of filing Complaint #2. The Plaintiff was a devoted employee of the USCG and planned to spend her entire career there and re-enter its management, fulfilling her highest potential. The Plaintiff's departure from the USCG thwarted her career advancement and diminished her financially for the remainder of her government career. The following relief is sought pursuant to 28 USC VII, Rule 54.

2. **Amount:** $152,000

**Basis**: This amount was arrived at as follows:

**Average of Lost Wages** in the difference between Plaintiff's salary at the current grade of GS-14 and the GS-15: $6,000 per year not adjusted for Cost of Living Increases, Within Grade Increases, Inflation, etc., but as a base figure. From 2004 to when Plaintiff planned to retire at the full 40 years of government service would have been 20 years, i.e., 20 years X $6,000 = $120,000.

**Legal Fees:** Lawyers fees $9,000 **paid out to date**

**Hearing Expenses**: Expenses for EEOC Hearing, i.e., travel, lodging, time, etc…$3,000 **paid out**

**Out of Pocket**: document preparation, i.e., copy fees, etc…$2,000 **paid out**

**Sick Leave**: Dollar value of lost sick leave: 400 hours X $45.00/hour = $18,000 **used**

**Total:**     $152,000

*Mary Jo Sciscenti*
Mary Jo Sciscenti
Plaintiff
Date: *February 14, 2008*

Encl (1):  Copy of EEOC/OOFC Appeal No. 0120065046



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Mary Jo Sciscenti,
Complainant,

v.

Michael Chertoff,
Secretary,
Department of Homeland Security,
(United States Coast Guard),
Agency.

Appeal No. 0120065046[1]

Hearing No. 100-A5-0339X

Agency No. HS04USCG000202

DECISION

On September 8, 2006, complainant filed an appeal from the agency's August 11, 2006, final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. The appeal is deemed timely and is accepted pursuant to 29 C.F.R. § 1614.405(a). For the following reasons, the Commission AFFIRMS the agency's final order.

At the time of events giving rise to this complaint, complainant worked as a Procurement Analyst, GS-1102-14 in the Office of Procurement Management at Coast Guard Headquarters in Washington, D.C. In approximately April 2004, complainant filed an EEO complaint alleging that she was discriminated against on the basis of reprisal for prior protected EEO activity [arising under Title VII] when:

(1) On August 26, 2003, complainant became aware that she was not selected for a position as Supervisory Procurement Analyst, GS-1102-15, under Vacancy

---

[1] Due to a new data system, this case has been re-designated with the above referenced appeal number.

*Enclosure 1*

                                                2                                    0120065046

>    Announcement CG-03-01052HQKG-M1, when her second-line supervisor informed
>    her that her application was not referred for an interview; and
>
>    (2) From May through August 2003, complainant's immediate supervisor denied her
>    request for a temporary detail assignment as a GS-15 to DHS.

At the conclusion of the investigation, complainant was provided with a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing and the AJ held a hearing on April 4, 2006 and issued a decision on July 11, 2006.

In the decision, the AJ found that complainant failed to establish a *prima facie* case of retaliation with regard to (1). The AJ further found that the agency articulated legitimate, nondiscriminatory reasons for its actions; namely, complainant was certified by the AVUE system[2] as qualified for the position, but was then not interviewed by the selecting panel because the score she received from the panel was not within the range of scores of those selected for interviews. Additionally, the selecting official stated that complainant's score was lower than the selectees' scores because she focused on her experience in the field, and management was "looking for more experience at a more strategic rather than tactical level" and that he was looking for a candidate who possessed agency-wide or global experience. According to the selecting official, the only element where complainant scored higher than the selectee was in ability to supervise. Another panel member testified that complainant's application was "very weak" and that her application did not discuss her current position, but focused mainly on her prior position with the Engineering Logistics Center. He further noted that he knew complainant possessed policy related experience, but he "could not bring personal knowledge into it." The other panel member testified that complainant's "written application did not present a highly qualified candidate" and notes that she did not find enough significance in complainant's stated supervisory experience, and that in any event the ability to supervise did not command as much weight as the ability to analyze. The AJ found that complainant failed to refute the agency's reasons.

As to (2), the AJ found that complainant failed to establish a *prima facie* case of retaliation. The AJ further found that the agency articulated legitimate, nondiscriminatory reasons for its actions. Specifically, the detail was denied based on a directive to stop detailing Coast Guard employees to DHS. The responsible management official stated that complainant wanted to work with the DHS's credit card office, and that it was not in the Coast Guard's interest to lose complainant's expertise so that she could work on the uncomplicated and "straightforward" matters that would be required of her in the credit card office. The AJ found that complainant did not establish pretext. The agency subsequently issued a final order adopting the AJ's finding that complainant failed to prove that she was subjected to discrimination as alleged.

---

[2] The AVUE system is the Coast Guard's automated system for accepting and evaluating applications. It establishes a best qualified list to forward to the selecting official.

3                                                                                              0120065046

On appeal, complainant makes the following principal arguments: first, she contends that the report of investigation was flawed because it did not contain a summary of the investigation or a discussion and analysis of the evidence. Additionally, complainant contends that the AJ improperly framed the issue in (1) as a nonselection, when it was properly defined as a denial of the right to compete for the job in question. Complainant also contends that the AJ's decision ignores evidence presented at the hearing. In reply, the agency contends that the Report of Investigation does contain a summary of the investigation into complainant's complaint. Additionally, the agency states that arguing that the AJ's findings "must be overturned because of a technical flaw in the ROI ignores the extensive record upon which the findings are based." Additionally, the agency contends that complainant's argument that the issue as to (1) was improperly framed is purely semantics, and did not impede complainant's pursuit of her allegation of retaliation. The agency further denies that complainant's examples of evidence supporting her position, which the AJ allegedly ignored, come close to demonstrating that the findings are clearly erroneous.

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. *See Pullman-Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held. An AJ's credibility determination based on the demeanor of a witness or on the tone of voice of a witness will be accepted unless documents or other objective evidence so contradicts the testimony or the testimony so lacks in credibility that a reasonable fact finder would not credit it. *See* EEOC Management Directive 110, Chapter 9, § VI.B. (November 9, 1999).

[handwritten margin note left: "Have not"]
[handwritten margin note right: "already admitted they lied"]

First, we note that in the instant case, the investigative file contains sufficient information (supplemented by the hearing transcript) upon which to determine whether or not the complained-of agency action was the result of an unlawful discriminatory motive. The requirement that an agency investigate complaints of discrimination is codified at 29 C.F.R. § 1614.108. This regulation requires the agency to develop an impartial and appropriate factual record upon which to make findings on the claim or claims raised in the complaint. *Id.* § 1614.108(a). "An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred." *Id.*

The allocation of burdens and order of presentation of proof in a Title VII case alleging disparate treatment discrimination is a three step procedure: complainant has the initial burden of proving, by a preponderance of the evidence, a *prima facie* case of discrimination; the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for its challenged action; and complainant must then prove, by a preponderance of the evidence, that the legitimate reason offered by the employer was not its true reason, but was a pretext for

4                                                               0120065046

discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). As to (1), the agency articulated legitimate, nondiscriminatory reasons for not interviewing complainant, namely, her application was weak, and even if complainant possessed the needed experience for the position, her application did not adequately reflect that she had this experience. The AJ's finding that complainant did not establish retaliatory animus, is supported by substantial evidence in the record.

As to (2), assuming complainant established a *prima facie* case of retaliation the agency has articulated legitimate, nondiscriminatory reasons for denying the detail request, namely, they were not granting any more details and they did not want to lose complainant's expertise so that she could be detailed to a position which involved very straightforward work. The AJ's finding that complainant failed to establish pretext, is supported by substantial evidence in this record.

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the final order.

### STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

5                                                                  0120065046

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden* (signature)
_____
Carlton M. Hadden, Director
Office of Federal Operations

NOV 1 6 2007
_____
Date

6                                                                  0120065046

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Mary Jo Sciscenti
7740 - 85th Ln N
Largo, FL 33777

Daniel Southerland, Director
Office of Civil Rights & Civil Liberties
Department of Homeland Security
Washington, DC 20528

John Gustafson, Complaints/ADR Program Manager
Civil Rights Directorate
U.S. Coast Guard Headquarters
2100 Second St., SW Rm. 2400
Washington, DC 20593-0001

NOV 1 6 2007
_____
Date

_____
Equal Opportunity Assistant

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Mary Jo Sciscenti<br>7740 85th Lane N., Largo, Florida 33777 | Michael Chertoff, Secretary<br>US Dept. of Homeland Security, Wash, DC 20528 |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Representing Self
(301) 526-9232

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**     OR     **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Civil Rights Act of 1964 (Title VII) as amended 42 U.S.C. 2000e-3, SEction 704(a)-Cause of Action is Retaliation

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ $152,000  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE February 14, 2008  SIGNATURE OF ATTORNEY OF RECORD  *Mary B. Scrocenti*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.